[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Dennis P. Fredo, Jr. appeals a decision of the defendant commissioner of motor vehicles suspending his motor vehicles operators license. The basis of the commissioners's decision was the finding by the hearing officer at the administrative hearing that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood after his arrest on the charge of operating a motor vehicle while under the influence of liquor. The commissioner acted pursuant to General Statutes § 14-227b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The plaintiff raises six issues as the bases of CT Page 10554 his appeal: (1) that the report of the arresting officer was improperly offered and admitted in evidence at the hearing; (2) that the alleged refusal to submit to a test was improperly witnessed and the A-44 report form was improperly endorsed by the witness; (3) that attachments to the A-44 form and other documentary evidence were improperly admitted in evidence at the hearing; (4) that the police reports contained inadmissible hearsay; (5) that there was conflicting evidence concerning the time of the alleged refusal and whether the plaintiff refused the first or second test; and (6) that the evidence was insufficient to support a finding by the hearing officer that the police had sufficient cause to stop and subsequently arrest the plaintiff.
The plaintiff's argument with respect to the introduction and admission of the A-44 report form by the hearing officer is that the officer was improperly performing dual roles of advocate and adjudicator. This court has consistently held that current law permits this procedure. The plaintiff has cited no authority for reaching a different result and may not, therefore, prevail on this issue. See Coman v. Department of MotorVehicles, Superior Court, judicial district of Hartford/New Britain, Docket No. CV 91 070 28 13 (April 10, 1992, Maloney, J.).
The plaintiff's argument concerning the endorsement of the required witness to the refusal on the A-44 form relates to the fact that the form identifies Sergeant Curtis as being both the testing officer and the witness. Also, he argues, the form on its face contains an inconsistency as to whether the plaintiff refused the first or the second test. These arguments, although valid, are not sufficient to reverse the decision of the hearing officer. The police fulfilled the essential requirement that there be a third party witness to the refusal. As the administrative factfinder, the hearing officer had ample other evidence to resolve the inconsistency. There was the supplementary report that made clear that the plaintiff refused to be tested at all. There was, further, the plaintiff's own written statement that he refused to be tested. "If the administrative recordCT Page 10555provides substantial evidence upon which the hearingofficer could reasonably have based his finding . . . thedecision must be upheld." Conn. Building Wrecking Co.v. Carrothers, 218 Conn. 580, 601 (1991). Under thesecircumstances, the hearing officer was justified in finding that Sergeant Curtis simply misstated, by checking the wrong block, which test the plaintiff refused. The hearing officer was entitled to weigh the other evidence on that point.
The plaintiff argues that the hearing officer improperly admitted attachments to the A-44 form in spite of the fact that the police officer did not check the block indicating attachments were being made part of his report. The officer did, however, indicate that the reader should "refer (to) attached case report." That case report is signed under oath by the arresting officer. The other document is the plaintiff's own statement, and it is witnessed by the two police officers. There is no evidence that it is not exactly what it purports to be: a statement by the plaintiff that he refuses to be tested. In addition to the regulations of the motor vehicle department, GeneralStatutes § 4-178 provides that "(a)ny oral ordocumentary evidence may be received" at theadministrative hearing of a contested case. Our courtshave held that this includes even hearsay evidence solong as it is reliable and probative. Cassella v. CivilService Commission, 4 Conn. App. 359, 362 (1985); aff'd202 Conn. 28, 33 (1987). Although there are exceptionsto this rule, the plaintiff has advanced no compellingreason why these attachments should not have beenadmitted as reliable and probative evidence.
The general principles of administrative law cited above dispose of the fourth and fifth issues raised by the plaintiff, as previously summarized.
The plaintiff's final argument relates to the hearing officer's finding with respect to the plaintiff's arrest. He claims that the police lacked the required reasonable and articulable suspicion of wrongdoing to justify the initial stop of the plaintiff's vehicle. The court disagrees. The police officer observed the vehicle being operated at a high CT Page 10556 rate of speed southbound on Interstate Route 91 in Enfield. The officer had received a report just minutes before over the police radio system that a vehicle of the same description was involved in a hit and run accident a few miles to the north on Route 91 in Springfield, Massachusetts. The officer would have been derelict in his duty if he had not stopped the plaintiff in these circumstances. There is no merit to the plaintiff's contentions with respect to the stop of his vehicle.
The appeal is dismissed.
MALONEY, J.